**No. 13-15498**

_____

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

_____

**MATT JACOBSEN,**
**Plaintiff-Appellant,**
v.

**HSBC BANK USA, N.A.; HSBC MORTGAGE CORPORATION (USA); HSBC MORTGAGE CORPORATION (USA) A DELAWARE CORPORATION; QUALITY LOAN SERVICE CORPORATION,**
**Defendants-Appellees.**

_____

**On Appeal from the United States District Court**
**for the District of Nevada, Las Vegas**
3:12-CV-00486-MMD-WGC, The Honorable Miranda Du

_____

**HSBC APPELLEES' ANSWERING BRIEF**

_____

GREGORY J. MARSHALL
Arizona Bar 019886
SNELL & WILMER L.L.P.
400 E. Van Buren
One Arizona Center
Phoenix, AZ 85004
Tel.: (602) 382-6000
Fax:  (602) 382-6070
gmarshall@swlaw.com

KELLY H. DOVE
Nevada Bar 10569
SNELL & WILMER L.L.P.
3883 Howard Hughes Pkwy.
Suite 1100
Las Vegas, NV 89169
Tel.:  (702) 784-5200
Fax:   (702) 784-5252
kdove@swlaw.com

18313601.2

## CORPORATE DISCLOSURE STATEMENT

No persons or entities have an interest in this case other than the named parties: HSBC BANK USA, N.A.; HSBC MORTGAGE CORPORATION (USA); HSBC MORTGAGE CORPORATION (USA) A DELAWARE CORPORATION; QUALITY LOAN SERVICE CORPORATION.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ....................................................................................1

STATEMENT OF JURISDICTION..........................................................2

STATEMENT OF THE ISSUES...............................................................2

STATEMENT OF THE CASE...................................................................3

    A.    Nature of the Case...............................................................3

    B.    The Underlying Proceedings................................................4

STATEMENT OF FACTS .........................................................................4

SUMMARY OF THE ARGUMENT ..........................................................5

ARGUMENT .............................................................................................7

    I.    Standard of Review ..............................................................7

    II.    The Court Did Not Err by Declining To Accept as True Mr. Jacobsen's Allegations that Contradict Judicially Noticeable Documents. ...........................................................7

        A.    The District Court Was Not Required To Accept Allegations as True When They Contradicted Judicially Noticeable Documents. ...........................8

        B.    The District Court Was Not Required To Accept Jacobsen's Conclusory, Implausible Allegations as True. ..................................................................8

    III.    The July 27, 2010 Notice of Default Was Valid................11

        A.    Recording Does Not Determine an Assignment's Effective Date. ....................................................12

        B.    There Is No Rule That Assignments with Prior Effective Dates Are Presumptively Invalid.........................14

        C.    Housekey Had Authority to Record the Notice of Default.................................................................15

    IV.    MERS' Participation Does Not Render Any Documents Invalid..............................................................................16

    V.    The District Court Correctly Ruled that Jacobsen's Default Precluded Any Action Here To Quiet Title. ....................17

# TABLE OF CONTENTS
(continued)

Page

VI.    Mr. Jacobsen's New Legal Theory, Raised for the First Time on
       Appeal, Should be Disregarded and Does Not Salvage His
       RESPA Claim. .................................................................................... 19

       A.    Mr. Jacobsen May Not Raise New Legal Theories on
             Appeal. ................................................................................... 20

       B.    Mr. Jacobsen's Letter Was Not a Qualified Written
             Request. .................................................................................. 20

       C.    The District Court Did Abuse Its Discretion in Denying
             Mr.  Jacobsen's Request for Leave to Amend His
             Complaint. ............................................................................... 22

VII.   The District Court Correctly Dismissed Mr. Jacobsen's Fair
       Debt  Collection Practices Act Claim, as HSBC Is Not a Debt
       Collector. ............................................................................................ 24

VIII.  Jacobsen Does Not Meaningfully Challenge the District Court's
       Dismissal of His RICO Claim. .......................................................... 25

IX.    The Court Did Not Err By Referring to "Unpublished"
       Decisions. ........................................................................................... 25

CONCLUSION .................................................................................................... 26

# TABLE OF AUTHORITIES

**Page**

**<u>Federal Cases</u>**

*Akhtar v. Mesa*,
   698 F.3d 1202 (9th Cir. 2012) ................................................................22

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ................................................................ 6, 7, 9

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1988) ................................................................9

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................ 6, 7, 8, 9

*Blades v. Wells Fargo Bank NA*,
   2012 WL 2885133 (D. Nev. July 12, 2012) ................................................15

*Castle v. Eurofresh, Inc.*,
   731 F.3d 901 (9th Cir. 2013) ................................................................7

*Duckett v. LoanCity*,
   2011 WL 5190944 (D. Nev. Oct. 27, 2011) ................................................15

*Fifth Third Mortgage Co. v. Chicago Title Ins. Co.*,
   692 F.3d 507 ................................................................1

*In re Gilead Sciences Sec. Litig.*,
   536 F.3d 1049 (9th Cir. 2008) ................................................................8

*In re Korean Air Lines Co., Ltd.*,
   642 F.3d 685 (9th Cir. 2011) ................................................................23

*Medrano v. Flagstar Bank, FSB*,
   704 F.3d 661(9th Cir. 2012), ................................................................ 19, 20, 21

*Nevada ex rel. Bates v. Mortgage Elec. Registration Sys., Inc.*,
   2011 WL 1582945 (D. Nev. Apr. 25, 2011) ................................................15

*Ozawa v. Bank of New York Mellon*,
   2012 WL 3656520 (D. Nev. Aug. 24, 2012) ................................................13

*Roth v. Reyes*,
   567 F.3d 1077 (9th Cir. 2009) ................................................................14

*Rowe v. Educ. Credit Mgmt. Corp.*,
   559 F.3d 1028 (9th Cir. 2009) ................................................................24

*Schucker v. Rockwood*,
   846 F.2d 1202 ................................................................22

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 ................................................................8

*Swanson v. Citibank, N.A.*,
   614 F.3d 400 (7th Cir. 2010) ................................................................9

## TABLE OF AUTHORITIES
(continued)

**Page**

*United States v. Carlson*,
  900 F.2d 1346 (9th Cir. 1990)................................................................20
*Villagrana v. Recontrust Co.*,
  2012 WL 1890236 (D. Nev. May 22, 2012) ......................................26
*Weber v. Dep't of Veterans Affairs*,
  521 F.3d 1061 (9th Cir. 2008) ..............................................................8
*Wensley v. First Nat. Bank of Nevada*,
  874 F. Supp. 2d 957 (D. Nev. 2012) (applying Nevada law)...............18

## State Cases
*Breliant v. Preferred Equities Corp.*,
  918 P.2d 314 (Nev. 1996)....................................................................18
*Edelstein v. Bank of N.Y. Mellon*,
  286 P.3d 249 (Nev. 2012)............................................................ 16, 17

## Federal Statutes
12 U.S.C. § 2605(e) ................................................................................19
12 U.S.C. § 2605(e)(1)(A) ......................................................................21
12 U.S.C. § 2605(e)(1)(B) ................................................................ 19, 20
12 U.S.C. § 2605(i)(3) ....................................................................... 19, 21
15 U.S.C. § 1692(a)(4)............................................................................25
15 U.S.C. § 1692(a)(6)............................................................................24
15 U.S.C. § 1692a..................................................................................24
28 U.S.C. § 1291 .....................................................................................2

## State Statutes
Nevada Revised Statute § 106.210 ................................................... 12, 13
Nevada Revised Statute § 106.210(1) (2010)........................................13
Nevada Revised Statute § 107.080 .......................................................13
Nevada Revised Statute § 40.010 .........................................................18

## Federal Rules
Federal Rule of Civil Procedure 12(b)(6) ................................ 1, 2, 6, 7, 8
Federal Rule of Civil Procedure 9 .........................................................25

# INTRODUCTION

Appellant Matt Jacobsen tries to raise a staggering twenty-nine assignments of error in his opening brief.  As the Sixth Circuit aptly noted, "[w]hen a party comes to [the Court] with nine grounds for reversing the district court, that usually means there are none."  *Fifth Third Mortgage Co. v. Chicago Title Ins. Co.*, 692 F.3d 507, 509 (6th Cir. 2012.  The same observation holds true for briefs raising twenty-nine grounds for reversal.  Of Mr. Jacobsen's twenty-nine assignments of error, many are duplicative, or non-issues, and none merit disturbing the district court's thorough and careful ruling.

This is an appeal from the district court's dismissal of Mr. Jacobsen's action alleging various actions against HSBC arising from the foreclosure proceedings concerning his property.  Though Mr. Jacobsen indisputably defaulted on his mortgage, Mr. Jacobsen advanced a series of meritless claims against HSBC—ranging from a bogus claim to quiet title to an assertion of RICO violations—all in an effort to get his house for free, and otherwise attempt to renege on his obligations without consequence.  The district court correctly dismissed Mr. Jacobsen's Complaint under Federal Rule of Civil Procedure 12(b)(6).  On appeal, Mr. Jacobsen offers this Court no basis to disturb the district court's ruling.  The Court should reject his many unsupported and unsupportable positions, and affirm the district court's dismissal of the action in its entirety.

18313601

## STATEMENT OF JURISDICTION

This is an appeal from a final judgment of the district court after it dismissed the action pursuant to Federal Rule of Civil Procedure 12(b)(6).  This Court has jurisdiction under 28 U.S.C. § 1291.

## STATEMENT OF THE ISSUES

1.     Whether the district court properly applied the Federal Rule of Civil Procedure 12(b)(6) legal standard when it considered judicially noticeable documents and discounted self-contradictory allegations.

2.     Whether a Substitution of Trustee or Assignment is effective on its stated effective date, rather than on the date of recording, where no law required that those documents be recorded at all.

3.     Whether the district court correctly rejected Mr. Jacobsen's arguments that MERS' involvement rendered all assignments and other documents void.

4.     Whether the district court properly dismissed the quiet title claim because Mr. Jacobsen did not (and could not) allege that he had paid the debt owed on the property.

5.     Whether the district court correctly ruled that Mr. Jacobsen's claim under the Real Estate Settlement Procedures Act failed because the inquiry he directed to HSBC was not a "qualified written request."

18313601                                                2

6.      Whether the district court properly dismissed Mr. Jacobsen's claim under the Fair Debt Collection Practices Act because HSBC is not a debt collector within the meaning of the Act.

7.      Whether the Court should affirm the dismissal of Mr. Jacobsen's Racketeering Influenced and Corrupt Organizations Act ("RICO") claim for his failure to raise any genuine issue concerning it on appeal.

8.      Whether the district court committed reversible error by referring to an "unpublished" opinion as persuasive authority.

## STATEMENT OF THE CASE

### A.      <u>Nature of the Case</u>

Mr. Jacobsen brought claims against HSBC for quiet title, declaratory judgment, Real Estate Settlement Procedures Act ("RESPA") violations, Fair Debt Collection Practices Act ("FDCPA") violations, and Racketeer Influenced and Corrupt Organizations Act ("RICO") violations.  Mr. Jacobsen generally alleged that HSBC's foreclosure of his property was improper for various technical reasons, such as the recording date of the substitution of trustee.  Mr. Jacobsen also seeks recovery for an alleged RESPA violation and a RICO violation that he asserted arose from conventional, legitimate foreclosure proceedings.

### B.    The Underlying Proceedings

The district court granted HSBC's motion to dismiss, dismissing Mr. Jacobsen's action in its entirety.  The district court also denied Mr. Jacobsen's subsequent motion for a temporary restraining order and motion for reconsideration.  Finally, the district court entered judgment in HSBC's favor.

## STATEMENT OF FACTS

Appellant Matt P. Jacobsen acquired the property located at 1311 La Loma Drive, Carson City, NV 89701 (the "Property") on June 23, 2005. ER 297-98.  The purchase was originally financed by a loan from Countrywide Bank, N.A. ER 194-222.  In August 2007, HSBC Mortgage made a loan to Mr. Jacobsen in the amount of $246,000 secured by a Deed of Trust, with the Property as collateral. ER 194-222.  ER 224-35.  This loan paid off the loan from Countrywide.  ER 247-48.

The Deed of Trust identified HSBC Mortgage as the lender, Mortgage Electronic Registration Systems, Inc. ("MERS") as the beneficiary, and First American Title Insurance Company as trustee. ER 225.  By Assignment of Deed of Trust dated July 27, 2010, and recorded August 6, 2010, MERS, as nominee for HSBC Mortgage, transferred to HSBC Mortgage all beneficial interest in the Deed of Trust.  ER 250, 298.  HSBC Mortgage substituted Housekey Financial Corporation ("Housekey") as trustee, effective July 27, 2010.  ER 252-53.

4

After Mr. Jacobsen defaulted on his loan, Housekey recorded a Notice of Breach and Default and of Election to Sell Under Deed of Trust on July 27, 2010. ER 255-56, 301.   On April 8, 2011, a State of Nevada Foreclosure Mediation Program Certificate was recorded, showing that mediation was not required and foreclosure may proceed.   ER 258.   On April 23, 2012, HSBC Mortgage substituted Quality Loan Service Corporation ("Quality") as the new trustee. ER 260-61.   On July 30, 2012, Quality recorded a Notice of Trustee's Sale, setting August 23, 2012 as the sale date. ER 263-64.   On August 13, 2012, HSBC Mortgage assigned its interest in the Deed of Trust to HSBC Bank.  ER 266-67.

Three days before the sale date, Mr. Jacobsen filed the Complaint in this action in an attempt to avoid foreclosure.  He claimed that HSBC had no right to foreclose because it "[is] not named in any valid Mortgage, Deed of Trust or Assignment recorded in the county records."  ER 295.  This contention is refuted by the very documents described in the Complaint and referenced above.  The Complaint asserts five causes of action for (1) Quiet title, (2) Declaratory Judgment, (3) RESPA violations, (4) FDCPA violations, and (5) RICO violations. HSBC moved to dismiss all five causes of action.   The district court granted HSBC's motion.  This appeal followed.

## SUMMARY OF THE ARGUMENT

Mr. Jacobsen gives this Court no reason to reverse the district court's

dismissal of his action in its entirety.  First, the many purported issues about the faithful application of the Rule 12(b)(6) standard are baseless.  Mr. Jacobsen treats the motion to dismiss standard as requiring the district court to accept as true every allegation he made, however conclusory or implausible.  That, however, is not standard, especially after *Twombly* and *Iqbal*.  The court is not required to accept as true all allegations, where they are either implausible, self-contradictory, or at odds with judicially noticeable documents.  Mr. Jacobsen's claims individually fail because he has not alleged, and cannot allege, the bases necessary to sustain them.  The quiet title action fails, for example, because Mr. Jacobsen did not (and indeed, cannot) allege that he had paid any debt owed on the property.

The arguments about the legitimacy of the trustee's authority also fail, both because they lack legal support generally and because Mr. Jacobsen consistently relies on the wrong version of the statute.  Mr. Jacobsen's RESPA claim fails because his request for information from HSBC was well beyond the scope of that law.  Likewise, the FDCPA also fails because HSBC is not a debt collector within the meaning of that Act.  Finally, while Mr. Jacobsen claims to appeal the dismissal of his RICO claim, he identifies no error the district court made in dismissing it.

Because Mr. Jacobsen raises no issue worthy of challenge to the district court's order, this Court should not disturb it.

## **ARGUMENT**

### I.    **Standard of Review**

This Court reviews an order granting a motion to dismiss *de novo*. *Castle v. Eurofresh, Inc.*, 731 F.3d 901, 905 (9th Cir. 2013).

A motion under Federal Rule of Civil Procedure 12(b)(6) challenges a complaint's compliance with the pleading requirements provided by the Federal Rules. A complaint need not state "detailed factual allegations," but must contain factual matter that is sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662 (2009) (citing *Twombly,* 550 U.S. at 556).

### II.    **The Court Did Not Err by Declining To Accept as True Mr. Jacobsen's Allegations that Contradict Judicially Noticeable Documents.[1]**

Mr. Jacobsen's argument that the district court erred by relying in part on judicially noticeable documents when they contradicted the allegations in his Complaint fails for at least two reasons. First, the district court need not accept allegations as true when they contradict judicially noticeable documents. Second, the court is not required to accept as true conclusory or implausible allegations.

## A. The District Court Was Not Required To Accept Allegations as True When They Contradicted Judicially Noticeable Documents.

Generally, in evaluating a motion to dismiss, federal courts must accept the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff." The Court "need not, however, accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." *In re Gilead Sciences Sec. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008). *See also Sprewell v. Golden State Warriors*, 266 F.3d 979, 988, *amended on other grounds*, 275 F.3d 1187 (9th Cir. 2001) (same).

## B. The District Court Was Not Required To Accept Jacobsen's Conclusory, Implausible Allegations as True.

Just as a court need not accept as true allegations that contradict matters properly subject to judicial notice, the court is likewise not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors,* 266 F.3d at 988; *In re Gilead Sciences Sec. Litig.*, 536 F.3d at 1055. Courts properly dismiss complaints if they fail to "plead 'enough facts to state a claim to relief that is plausible on its face.' "*Weber v. Dep't of Veterans Affairs,* 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Twombly, supra*).

[1] Mr. Jacobsen challenges the district court's application of the Rule 12(b)(6) standard in Issues 3, 19, 20, 26. Here, HSBC responds in a consolidated manner to

"Under the new regime," complaints should be dismissed when the "allegations render a claim implausible." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 408-09 (7th Cir. 2010). The plausibility analysis is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679. Indeed, conclusory statements are not sufficient to sustain a complaint, and such statements are not entitled to a presumption of truth. *Iqbal* and *Twombly* therefore prescribe a two-step process for evaluation of motions to dismiss.

"Plausibility," as it is used in *Twombly* and *Iqbal*, does not refer to the likelihood that a pleader will succeed in proving the allegations. Instead, it refers to whether the non-conclusory factual allegations, when assumed to be true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 129 S.Ct. at 1949. A complaint may fail to show a right to relief either by lacking a cognizable legal theory or by lacking sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1988).

Here, Mr. Jacobsen's allegations are implausible assertions, unwarranted inferences, and legal conclusions that are not only contradicted by recorded,

---

the arguments raised in the Opening Brief.

judicially noticeable documents, but also are internally inconsistent, and comprise baseless assertions.

The allegations, including those that contradict the recorded documents, do not have any indicia of truth or plausibility such that the court was required to accept them as true. For example, Mr. Jacobsen alleges that Stella Flores, the affiant on the Assignment of Deed of Trust: (1) did not read the Assignment; (2) did not know its contents; (3) did not sign the Assignment, but rather someone else did using her name; (4) was not an Assistant Secretary at MERS; and (5) did not sign in the presence of the notary. These allegations are not even consistent with each other, alleging at once that Ms. Flores signed the Assignment outside the presence of the notary, or without reading the documents, yet also alleging that she did not sign at all, and that someone else did. The court could not have accepted all of these allegations as true because they cannot all be true.

Mr. Jacobsen makes exactly the same infirm allegations as to William Gonzales, who signed the Substitution of Trustee, Stanley Silva, who signed the Notice of Default, and others. He likewise alleges that each notary who notarized the relevant documents is not a notary, and did not follow the applicable law. Yet, Mr. Jacobsen offers no detail as to how. Nor does he provide any facts that would make his completely bald allegations—for example, that these signatories did not actually sign the documents—plausible on their face.

Likewise, Mr. Jacobsen uniformly alleges that each notarization fails to comply with the relevant law, which is a legal conclusion that the court need not accept as true.  Nor is the Court required to accept as true the allegation that every notary who encountered documents in this case is not a notary, or otherwise violated the law.

Thus, the district court acted properly in discounting Mr. Jacobsen's infirm, internally contradictory, and implausible factual allegations.  This Court should affirm.

## III.    **The July 27, 2010 Notice of Default Was Valid.**

Mr. Jacobsen raises several related arguments about the validity of the Notice of Default, which Housekey recorded on July 27, 2010.[2]  Each fails in turn, as there is no legal support for any of Mr. Jacobsen's challenges, and because several of his arguments are based on a later-enacted version of a statute with provisions not in existence at the time of the relevant events.

On August 6, 2010, HSBC recorded a Substitution of Trustee removing First American and substituting Housekey as the trustee on the loan, with an effective date of July 27, 2010.  On July 27, 2010, Housekey executed and recorded a Notice of Default and Election to Sell.  Mr. Jacobsen argues that: (1) an assignment is effective only upon recording; (2) the Assignment is invalid because it contained a

prior effective date; and (3) Housekey signed and recorded the Notice of Default without authority.

## A.    <u>Recording Does Not Determine an Assignment's Effective Date</u>.

Mr. Jacobsen argues that the recordation was a problem because the Assignment was effective on the day it was recorded, rather than its stated effective date, and its stated effective date should be disregarded. As no law supports Mr. Jacobsen's position, no reason exists to disturb the district court's rejection of his argument.

First, Mr. Jacobsen argues that an assignment is effective on the date that is recorded. That assertion is patently false. Absolutely no law supports it; nor has Mr. Jacobsen cited any. Indeed, at the time of these events, Nevada law did not require that assignments of interests in mortgages or deeds of trust be recorded *at all*, let alone that an assignment's effectiveness is related to recording. Nevada Revised Statute 106.210, which governed the assignment of mortgages and interests in deeds of trust, provided, in relevant part:

> Any assignment of a mortgage of real property, or of a mortgage of personal property or crops recorded prior to March 27, 1935, and any assignment of the beneficial interest under a deed of trust ***may*** be recorded, and from the time any of the same are so filed for record shall operate as constructive notice of the contents thereof to all persons.

---

[2] These arguments are apparently intended to address the issues Jacobsen numbered 1, 4, 5, 6, and 25.

Nev. Rev. Stat. § 106.210(1) (2010) (emphasis added).

Rejecting an argument like Mr. Jacobsen's, the United States District Court for the District of Nevada held that a foreclosure was not invalid where the substitution of trustee was dated the same as the notice of default but notarized later and the notarial acknowledgement date had an error. *Ozawa v. Bank of New York Mellon*, 2012 WL 3656520, at *3 (D. Nev. Aug. 24, 2012) (slip copy). The court explained that "there was nothing improper under Nevada law about the sequence of first executing a notice of default and later recording the substitution of trustee. The applicable version of N.R.S. § 107.080 at the time [the trustee] executed the notice of default did not require substitution of a trustee to be recorded at all, much less before executing a notice of default." *Id.*

In support of his position, Mr. Jacobsen relies only on the later-enacted version of the statue, which requires that assignments of mortgages be recorded and that the trustee under the deed of trust could not sell the property unless and until the assignment is recorded. Nev. Rev. Stat. § 106.210 (2011). That newer version, however, was not in effect in 2010, at the time of these events. Regardless, even the current version does not tie the effective date of an assignment to recording, and only requires recording before sale. Because Mr. Jacobsen's contention that an assignment is effective only upon recording is

13

wholly without support, this Court should reject it as a basis to disturb the dismissal of his action.

### B.    There Is No Rule That Assignments with Prior Effective Dates Are Presumptively Invalid.

Mr. Jacobsen argues that the Court should disregard the Assignment's effective date because it is "backdated." (Opening Br. at 19.) In other words, Mr. Jacobsen argues that Housekey was not the substituted trustee when it filed the Notice of Default because the Substitution of Trustee was recorded on August 6, but had an effective date of July 27. Mr. Jacobsen offers no authority, nor could HSBC find any, to the effect that an assignment with a prior effective date is *per se* or presumptively invalid.

Mr. Jacobsen's only purported authority for this alleged principle of law is not only wholly inapplicable, but also holds no such thing. *Roth v. Reyes*, 567 F.3d 1077 (9th Cir. 2009) is a Ninth Circuit case addressing a statute of limitations issue as applied to a dispute involving stock options. That decision acknowledges the legitimacy of the practice of backdating stock options and rejected the plaintiff's position that backdating saved his claim from being time-barred. Thus, it is not only inapposite, it contradicts his assertion that the Ninth Circuit has issued a wholesale rejection of backdated documents in all contexts.

### C.    <u>Housekey Had Authority to Record the Notice of Default.</u>

Finally, Mr. Jacobsen's related argument—that Housekey signed and recorded the Notice of Default without authority—fails because HSBC fully ratified Housekey's actions.

Even if the Substitution of Trustee was arguably not effective when Housekey signed the Notice of Default, this is irrelevant because HSBC's (the beneficiary's) later act of substituting Housekey as trustee and proceeding with the foreclosure ratified Housekey's filing of the Notice of Default. *See Blades v. Wells Fargo Bank NA*, 2012 WL 2885133, *6 (D. Nev. July 12, 2012) (slip copy) ("A substitution of trustee executed after a notice of default is filed is practically insurmountable evidence of ratification…The filing becomes proper if the beneficiary later ratifies the act after discovering what has occurred."); *Nevada ex rel. Bates v. Mortgage Elec. Registration Sys., Inc.*, 2011 WL 1582945 (D. Nev. Apr. 25, 2011) ("A beneficiary may therefore proceed with foreclosure based on the filing of a notice of default by a party that purported to be its agent or trustee but was not, so long as the beneficiary ratifies the action.").

In *Duckett v. LoanCity*, the United States District Court for the District of Nevada held that a foreclosure was valid even though the notice of default was recorded a month before the trustee named therein was appointed. 2011 WL 5190944, *2 (D. Nev. Oct. 27, 2011) (slip copy). The court stated that the later-

executed substitution of trustee appointing the notice of default filer as trustee before the sale was evidence of ratification.  *Id.*

Because here the Substitution of Trustee had an effective date the same as the Notice of Default, and HSBC continued to pursue foreclosure, HSBC ratified Housekey's actions, and there is no viable challenge to its authority.

## IV.    MERS' Participation Does Not Render Any Documents Invalid.

Mr. Jacobsen argues that because MERS did not hold the beneficial interest, all documents relying on MERS' assignment to HSBC are void.  (Opening Br. at 20-21.)  Specifically, Mr. Jacobsen maintains that the August 6, 2010 Assignment of Deed of Trust (the "2010 Assignment") was invalid because it was signed by MERS, which is not a beneficiary, and the use of MERS split the note and deed of trust.  This argument fails because the Nevada Supreme Court has held that, based on the deed of trust language naming MERS as a nominee for the lender and its successors and assigns, MERS may exercise the lender's right to foreclose and may take any action required of the lender.  *Edelstein v. Bank of N.Y. Mellon*, 286 P.3d 249, 259 (Nev. 2012).  The court held that MERS is a proper beneficiary, and the use of MERS does not irreparably split the note and deed of trust because "nothing requires [the note and deed of trust] to be unified from the point of inception of the loan."  *Id.*  If MERS is the named beneficiary, it may assign its interest in the deed of trust to the note holder, which unites the note and deed of

trust.  *Id.*  A signed writing can show that a previous beneficiary properly assigned its interest in the deed of trust.  *Id.*

All that happened here is what *Edelstein* allows.  As MERS was named as beneficiary, the note and deed of trust may have initially been split.  But the documents were reunified by the 2010 Assignment, which states that MERS was acting "as nominee for HSBC Mortgage Corporation (USA)," and that it transferred to HSBC Mortgage Corporation (USA) "all beneficial interest" in the deed of trust "together with the note or notes therein described and secured thereby…."  ER 250.  Accordingly, Mr. Jacobsen's argument that the 2010 Assignment was invalid due to the use of MERS fails.  And because the 2010 Assignment was valid, Mr. Jacobsen's argument that the 2012 Substitution of Trustee by HSBC is invalid also fails.  Opening Br. at 24 (arguing that the 2012 Substitution wherein HSBC substituted Quality as trustee was invalid because HSBC was not a beneficiary due to the invalid 2010 Assignment).

## V.    The District Court Correctly Ruled that Jacobsen's Default Precluded Any Action Here To Quiet Title.

Mr. Jacobsen argues that the district court erred by ruling that a quiet title action required him to plead that he had paid the debt owed on the property.  Confusingly, Mr. Jacobsen states that he is actually allowed to bring such an action, because he did not allege that there was any debt on the property and if he prevails on this action, he will not owe anything.  Opening Br. at 29-30.   Mr.

Jacobsen's argument is a tortured exercise in semantics that fails as a matter of law.

Under Nevada Revised Statute § 40.010, a person may bring an action "against another who claims an estate or interest in real property adverse to" him, for the purpose of determining the adverse claim.  "In a quiet title action, the burden of proof rests with the plaintiff to prove good title in himself." *Breliant v. Preferred Equities Corp.*, 918 P.2d 314, 318 (Nev. 1996).  "[A]n action to quiet title requires a plaintiff to allege that []he has paid any debt owed on the property." *Wensley v. First Nat. Bank of Nevada*, 874 F. Supp. 2d 957, 966 (D. Nev. 2012) (applying Nevada law).  Where a plaintiff is in default and is challenging the procedure with which foreclosure was initiated against him, not the fact of default, a quiet title claim must be dismissed with prejudice. *Id.*

Mr. Jacobsen has not discovered a work-around that consists of simply omitting any allegation of an existing debt.  The law requires a quiet title plaintiff to allege that he has paid "any debt."  Mr. Jacobsen did not do so here (because he cannot), and thus the district court correctly dismissed his claim.

## VI.  Mr. Jacobsen's New Legal Theory, Raised for the First Time on Appeal, Should be Disregarded and Does Not Salvage His RESPA Claim.[3]

RESPA provides an action for damages against mortgage-loan servicers who fail to respond to certain types of inquiries from borrowers.  *Medrano v. Flagstar Bank, FSB*, 704 F.3d 661, 663 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 2800 (2013).  Specifically, RESPA requires a loan servicer to timely respond to a qualified written request ("QWR") from a borrower.  *See* 12 U.S.C. § 2605(e).  A QWR must either include a statement of the reasons for the borrower's belief that the account is in error, or provide sufficient detail regarding other information the seeks. 12 U.S.C. § 2605(e)(1)(B).  A QWR must request information relating to the loan "servicing," which means "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, … and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan." 12 U.S.C. § 2605(i)(3).  A servicer must receive a valid QWR to incur the duty to respond.  *Medrano*, 704 F.3d at 663-64.

The district court dismissed Mr. Jacobsen's RESPA claim because he failed to allege that his letter constituted a "qualified written request."  ER 12.  Rather, the court held, the letter only demanded biographical data concerning the loan's

---

[3]  Mr. Jacobsen challenges the dismissal of his RESPA claim in Issues 13, 14, 15, 16, and 29.

history and did not provide any statement of reasons why Mr. Jacobsen believed that his account was in error.  *Id.*  Additionally, the court held that the Complaint failed to allege any pecuniary loss resulting from an alleged failure to respond to the letter.  The district court properly dismissed the claim for those reasons.

### A.    Mr. Jacobsen May Not Raise New Legal Theories on Appeal.

Mr. Jacobsen now argues that the court erred because a qualified written request need not contain a statement of reasons, but instead could simply provide sufficient detail to the servicer regarding other information sought by the borrower.  12 U.S.C. § 2605(e)(1)(B).  In so arguing, Mr. Jacobsen concedes that his letter did not contain a statement of reasons.  Opening Br. at 14-15, 31.  Rather, he argues that his letter provided sufficient detail, as required by § 2605(e)(1)(B).  *Id.*

Mr. Jacobsen, however, never raised this argument before the district court, and may not do so for the first time here.  *United States v. Carlson*, 900 F.2d 1346, 1349 (9th Cir. 1990).  Moreover, Mr. Jacobsen does not explain how his inquiry satisfies § 2605(e)(1)(B) in this regard.  Thus, he failed to adequately raise the issue on appeal.  Accordingly, this Court should decline to Mr. Jacobsen's new RESPA theory and affirm its dismissal.

### B.    Mr. Jacobsen's Letter Was Not a Qualified Written Request.

Should the Court consider the issue on the merits, Mr. Jacobsen's claim still fails because his inquiry does not "seek[] information relating to the servicing of

the loan" and therefore is outside of the scope of RESPA.  *Medrano*, 704 F.3d at 666 (citing 12 U.S.C. § 2605(e)(1)(A)–(B)) (internal quotation marks omitted). The requirement that the letter request information relating to servicing "ensures that the statutory duty to respond does not arise with respect to all inquiries or complaints from borrowers to servicers."  *Medrano*, 704 F.3d at 666.  RESPA defines "servicing" to encompass only "receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts ..., and making the payments of principal and interest and such other payments."  *Id.* (citing 12 U.S.C. § 2605(i)(3)). Servicing "does not include the transactions and circumstances surrounding a loan's origination—facts that would be relevant to a challenge to the validity of an underlying debt or the terms of a loan agreement."  *Id.* at 666-67.

For example, where a plaintiff challenges terms of the loan or mortgage documents and are not disputes regarding servicing of the loan, RESPA imposes no duty to respond.  *Id.* at 667. Likewise, where a letter amounts to allegation of fraud or mistake during the closing of the loan and the drafting of the relevant documentation, it is not a qualified written request and RESPA does not apply.  *Id.*

Mr. Jacobsen's letter does not contain questions about the servicing of his loan.  ER 305-07.  Rather, the QWR Mr. Jacobsen describes in his Complaint is similar to the content described above that has been rejected by this Court as valid

QWR material.  His letter does not identify any issues regarding his loan servicing or state that the account was in error.  ER 305-07.  His letter requested evidence of the security and the chain of transfer, and numerous other documents so that he can "have a thorough independent review completed."  ER 305.  In essence, he was seeking a biographical loan history.  Indeed, it demands things like "absolute first-hand evidence" that HSBC is the holder of the original security, records that show a chain of transfer, and rebuttal to a complaint that may not rely on any documents Mr. Jacobsen signed.  ER 305.  It further contains a long list of questions asking about everything from origination to other entities that contract with HSBC.  *Id.*  Because the letter is not confined to reasonable requests about the servicing of Mr. Jacobsen's loan, it is not a QWR and the claim was rightly dismissed.

### C.    The District Court Did Abuse Its Discretion in Denying Mr. Jacobsen's Request for Leave to Amend His Complaint.

Mr. Jacobsen concedes that he failed to allege pecuniary loss as an element of his RESPA claim, but instead argues that he should have been given leave to amend his Complaint to include that allegation.

As Mr. Jacobsen accurately states, a district court should not dismiss a *pro se* complaint without leave to amend unless "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment."  *Schucker v. Rockwood*, 846 F.2d 1202, 1203–04 (9th Cir. 1988) (per curiam).  *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).  A denial of leave to amend is reviewed for

abuse of discretion.  *In re Korean Air Lines Co.*, Ltd., 642 F.3d 685, 701 (9th Cir. 2011).  Here, his Complaint could not be cured by amendment.

Mr. Jacobsen requested this leave to amend in his motion for reconsideration.  ER 44.  However, as HSBC argued in its opposition, he failed to include the proposed amended pleading to his request to amend, as required by Local Rule 15-1, and amendment would be futile.  The district court therefore did not err by refusing Mr. Jacobsen this leave.

Local Rule 15-1 provides, "Unless otherwise permitted by the Court, the moving party shall attach the proposed amended pleading to any motion to amend, so that it will be complete in itself without reference to the superseding pleading."  Mr. Jacobsen's request did not include the proposed amended Complaint, and could properly be denied on that basis.

Additionally, Mr. Jacobsen's amendment to include damages would be futile in light of the fact that he could not state a RESPA claim for the reasons articulated above:  his letter did not constitute a QWR.  The contents of Mr. Jacobsen's letter are static.  No amount of artful pleading can change the fact that his letter is not a QWR under RESPA.  His claim therefore fails regardless of whether he adds pecuniary loss to his RESPA claim.  Thus, the district court did not err by refusing him leave to amend.

**VII.  The District Court Correctly Dismissed Mr. Jacobsen's Fair Debt Collection Practices Act Claim, as HSBC Is Not a Debt Collector.**

The district court correctly ruled that HSBC is not a debt collector, and that non-judicial foreclosure does not constitute debt collection within the meaning of the FDCPA.  Mr. Jacobsen argues that because HSBC engaged in an unlawful foreclosure, it should be considered a debt collector under the Act, but one does not follow the other.[4]  Mr. Jacobsen's allegations of unlawful foreclosure do not change the fact that HSBC is not a "debt collector" as a matter of law.  *See* 15 U.S.C. § 1692a.

Under the FDCPA, a "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.  *See* 15 U.S.C. § 1692(a)(6) (emphasis added).  A "creditor" is not a "debt collector" under the FDCPA.  *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009).  Under the FDCPA, a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed, but such term does not include any person to the extent that he receives an assignment

---

[4] This addresses Issue 17.  *See* Opening Br. at 33.

or transfer of a debt in default solely for the purpose of facilitating collection of such debt for another." 15 U.S.C. § 1692(a)(4).

HSBC is not a debt collector as a matter of law. HSBC Mortgage is a creditor, as it was the original lender who extended credit to Mr. Jacobsen. HSBC Bank is also a creditor because it became a person to whom the debt is owed when HSBC Mortgage assigned its interest in the Deed of Trust, and such assignment was not solely to facilitate collection of the debt for another. The FDCPA's express terms exclude HSBC as a debt collector, and thus the district court correctly dismissed the claim.

## VIII.  Jacobsen Does Not Meaningfully Challenge the District Court's Dismissal of His RICO Claim.

Mr. Jacobsen purports to challenge the dismissal of his RICO claim by simply asserting that there is no requirement for tender. The district court's order dismissing this claim ruled that the Complaint failed to satisfy Federal Rule of Civil Procedure 9, and failed to raise a plausible claim. It made no mention of tender. This Court should decline to consider this issue, as Mr. Jacobsen has not identified any error.

## IX.  The Court Did Not Err By Referring to "Unpublished" Decisions.

Mr. Jacobsen's argument that the Court improperly cited unpublished district court opinions is without merit, as the United States District Court for the District of Nevada may properly consider unpublished district court opinions as

persuasive authority. *Villagrana v. Recontrust Co.*, 2012 WL 1890236, at *7 (D. Nev. May 22, 2012) ("It is true that unpublished district court opinions are not precedential; however, they may be considered for their persuasive authority."). Additionally, Mr. Jacobsen's assertion that Westlaw is not available to the public is not accurate. Westlaw is not free, but it is publicly available to anyone who pays for its service.

## CONCLUSION

For the foregoing reasons, the Court should affirm the district court's dismissal of Mr. Jacobsen's claims.

DATED this 27th day of November, 2013.

SNELL & WILMER L.L.P.


 */s/ Kelly H. Dove*
ANDREW M. JACOBS
Nevada Bar No. 12787
KELLY H. DOVE
Nevada Bar No. 10569
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169

*Attorneys for Appellant Wells Fargo Bank, N.A.*

## <u>CERTIFICATE OF COMPLIANCE</u>

Certificate of Compliance with Type-Volume Limitation, Typeface Requirements, and Type Style Requirements

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains approximately 5889 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B).

2.    This brief complies with the type face requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using a Microsoft Word 2010 processing program in 14-point Times New Roman type style.

DATED this 27th day of November, 2013.

SNELL & WILMER L.L.P.


  /s/ Kelly H. Dove
KELLY H. DOVE
Nevada Bar No. 10569
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Attorneys for Appellant Wells Fargo Bank, N.A.*

18313601                                    27

## <u>STATEMENT OF RELATED CASES</u>

There are no known related cases pending in this Court.

DATED this 27th day of November, 2013.

SNELL & WILMER L.L.P.

       */s/ Kelly H. Dove*_____

KELLY H. DOVE
Nevada Bar No. 10569
SNELL & WILMER L.L.P.
3883 Howard Hughes Parkway, Suite 1100
Las Vegas, NV 89169
*Attorneys for Appellees, HSBC Bank, USA, N.A.,*
*HSBC Mortgage Corporation (USA), HSBC*
*Mortgage Corporation (USA), a Delaware*
*Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I electronically filed **HSBC APPELLEE'S ANSWERING BRIEF** with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on **November 27, 2013.** I certify that service will be accomplished by the appellate CM/ECF system to all registered participants.

I further certify that I mailed copies of **HSBC APPELLEE'S ANSWERING BRIEF** and **SUPPLEMENTAL EXCERPTS OF RECORD** to:

> Matt P. Jacobsen
> 1311 La Loma Drive
> Carson City, NV 89701

**Dated**: This 27th day of November, 2013.

> _/s/ Julia L. Melnar_
> An employee of Snell & Wilmer LLP

18313601

29